OPINION
{¶ 1} Defendant-appellant, Pamela S. Felts, appeals the decision of the Clermont County Municipal Court granting judgment in favor of plaintiff-appellee, Joe Vogel, in a forcible entry and detainer action.
 {¶ 2} Appellant and appellee were previously involved in a relationship but were never married. In April 1998, the subject property located at 1180 Little Indian Creek Road in New *Page 2 
Richmond was acquired via a general warranty deed issued to appellee. The parties dispute their respective ownership interests in the property. When the relationship between the parties ended, appellant continued to reside at the premises.
 {¶ 3} Appellant initiated an action against appellee and other individuals in the Clermont Court of Common Pleas alleging RICO violations, unjust enrichment and fraud. The case remains separate and pending.
 {¶ 4} On October 19, 2007, appellee issued a 30-day notice to appellant to leave the premises and, on December 4, 2007, issued notice for failure to vacate. Appellee then initiated the instant action seeking to evict appellant and recover the subject premises. The matter proceeded to a hearing before a magistrate. At the hearing, appellee introduced evidence of the notifications provided to appellant and a copy of the deed to the property naming appellee as the single owner. In response, appellant argued that the municipal court lacked jurisdiction due to the pending suit in the common pleas and that she had an "affidavit" from appellee admitting that appellant had a one-half ownership interest in the property. The magistrate issued a decision in favor of appellant, finding that the appellant's exhibit 1, a copy of appellee's responsive pleading in the common pleas case, constituted a "judicial admission" that appellant held an ownership interest in the property.
 {¶ 5} Appellee filed a timely objection to the magistrate's decision and a subsequent hearing was ordered by the trial judge. The hearing was originally scheduled for April 4, 2008 at 8:30 a.m.; however, at 9:04 a.m. appellant faxed a request for continuation claiming that she could not appear in court due to flooding at the property. Over the objection of appellee's counsel, the trial judge granted the continuance and the hearing was rescheduled for April 18, 2008.
 {¶ 6} On April, 18, 2008, appellee's counsel and appellant, appearing pro se, appeared at the hearing. After hearing from both parties, the court requested additional *Page 3 
evidence regarding the ownership of the property and the nature of the tenancy, and the matter was continued to April 28, 2008 to afford both parties an opportunity to present additional evidence on the issues. However, approximately five minutes before the April 28, 2008 hearing was to commence, an unidentified gentleman approached the trial judge in the courtroom and advised that appellant would not be attending the hearing because she had an appointment at University Hospital. The trial court noted that "no information was offered as to when the appointment had been made, the nature of the appointment, whether the appointment was for an emergency, why Ms. Felts did not request a continuance of the hearing prior to 4/28/2008, rather than sending someone to the court at the time of the hearing to advise she was not coming." The trial court proceeded to conduct the hearing and took the matter under advisement.
 {¶ 7} In a written decision, the trial court overruled the magistrate's decision, finding that the magistrate's reliance on the "judicial admission" was misplaced because that pleading had been voluntarily dismissed in the common pleas action over two months before the instant action was filed. The trial court granted judgment in favor of appellee. Appellant timely appeals, raising two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE COURT DID ERR BY PROCEEDING WITH A TRIAL IN APPELLANT'S ABSTINENCE [sic] WITHOUT WARNING OR NOTICE TO APPELLANT."
 {¶ 10} In her first assignment of error, appellant argues that the trial court erred by proceeding in her absence without first providing her warning or notice. Appellant urges that by conducting the hearings, the trial court denied her constitutional rights "to be heard" and "to confront witnesses." Appellant claims she was prejudiced during both proceedings conducted in her absence by the trial court. First, appellant claims that prejudicial comments were made on the record during the April 4, 2008 hearing by appellee's counsel. Appellant argues that *Page 4 
the trial court proceeded to hold an "ex parte" proceeding on April 4, 2004. Second, appellant claims that the April 28, 2008 hearing amounted to a "contempt hearing" because the trial court entertained testimony in her absence. Finally, appellant alleges judicial bias, claiming that the trial judge was prejudiced based upon a previous affiliation with appellee's counsel.
 {¶ 11} In her brief, appellant states that "on April 28, 2008 the court conducted an impromptu hearing, which meets all the criterion of a contempt hearing." Appellant's characterization of these proceedings as "ex parte" or a "contempt" hearing is erroneous. Neither proceeding was "ex parte" or "impromptu" as both were scheduled in advance and appellant had full notice. Nor was the April 28, 2008 proceeding a "contempt" hearing. At the April 18, 2008 hearing, which appellant was present, the trial judge requested further evidence regarding the ownership of the property and the nature of the tenancy. This evidentiary hearing was scheduled for the agreed-upon date of April 28, 2008. At the hearing, the trial court only entertained testimony about those issues. There was no discussion of contempt, nor was a finding of contempt made against appellant.
 {¶ 12} Further, the grant or denial of a continuance is a matter within the sound discretion of the trial judge and is not subject to reversal absent a showing of an abuse of discretion. Hartt v.Munobe, 67 Ohio St.3d 3, 9, 1993-Ohio-177. More than mere error of judgment, an abuse of discretion requires that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} At the April 18, 2008 proceeding, both parties agreed to schedule the evidentiary hearing for April 28, 2008. Appellant did not appear at the April 28, 2008 hearing and did not make a formal motion to continue the proceeding. Accordingly, we find no abuse by the trial court in conducting the April 28, 2008 hearing in appellant's absence.
 {¶ 14} Finally, regarding appellant's allegations of judicial bias and misconduct, this court has no jurisdiction to address appellant's claim. The Chief Justice of the Ohio Supreme *Page 5 
Court, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased and prejudiced. Section 5(C), Article IV, Ohio Constitution. R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced. Vera v. Yellowrobe, Franklin App. No. 05AP-1081,2006-Ohio-3911, ¶ 54.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE COURT DID ERR BY OVER RULING [sic] THE MAGISTRATE'S DECISION."
 {¶ 18} In her second assignment of error, appellant renews her jurisdictional argument. Appellant argues the municipal court lacked jurisdiction in this case because the property is already the subject matter of the previously filed Clermont County case. Second, appellant argues the trial court erred in overruling the magistrate's decision. Finally, appellant once again cites her unsubstantiated allegations of ethics violations by the trial judge.
 Jurisdiction {¶ 19} R.C. 1901.18(A)(8) provides jurisdiction for municipal courts to hear and determine forcible entry and detainer actions. Further, inHaas v. Gerski (1963), 175 Ohio St. 327, the Ohio Supreme Court held that, although title to realty may be drawn into question in a separate proceeding in the common pleas court, "[t]he pendency of an action to quiet title to realty in a Court of Common Pleas is not a bar to a forcible entry and detainer action in a Municipal Court." Id. at paragraph two of the syllabus. The fact that an action involving the property in question may be pending in the court of common pleas does not prevent a municipal court from rendering judgment in a forcible entry and detainer action. State ex rel. Carpenter v. Warren MunicipalCourt (1980), 61 Ohio St.2d 208, 210. Allowing otherwise would "defeat the purpose of the forcible entry and detainer statutes (i.e., immediate *Page 6 
possession), to permit their circumvention by merely bringing title into question in a collateral suit in common pleas court, and to deny through successive appeals the relief they were intended to provide." Id.
 {¶ 20} In this case, appellant argues that no jurisdiction is present because title to the property is at issue in the common pleas case. However, appellant failed to provide a copy of her complaint in that action to the trial court as evidence that title to the property is disputed. As noted by the case law above, regardless of whether title is at issue in the common pleas, the municipal court correctly proceeded to hear this forcible entry and detainer action.
 Forcible Entry and Detainer {¶ 21} Appellant next argues the trial court erred by overruling the decision of the magistrate because, in appellee's answer to the common pleas case, appellee made a judicial admission that appellant has a 50 percent ownership interest in the subject property.
 {¶ 22} In the written decision, the trial court held, "The Ohio Supreme Court has indicated that allegations in a complaint are treated as binding judicial admissions only in the case arising from that complaint.' Sutton v. Wukmir, Mahoning App. No. 03-MA-233, 2004 Ohio-7215, ¶ 30. Since the statement concerning Defendant's interest in the property was made in a pleading in a separate case, it cannot be construed as a judicial admission in the case at bar. Moreover, the counterclaim was voluntarily dismissed by Plaintiff, months before the instant case was filed, after counsel in that case, Donald W. White, learned from his client, Plaintiff herein, that the allegation was incorrect. Thus, the Court concludes that the Magistrate's finding that Defendant owns one-half the property was incorrect. * * * The evidence before this court is that Plaintiff is the titled owner of the property. The deed is solely in his name, and the taxes are solely Plaintiff's responsibility. Plaintiff acknowledges that Defendant is on the mortgage, but testified that he had made all of the mortgage, tax and insurance payments since acquiring the property in 1998. Plaintiff testified he lived with *Page 7 
Defendant on the property until approximately two years ago, when they split up. Plaintiff acknowledges that he permitted Defendant and her teenage daughter to reside on the property for approximately two years, and that Defendant has paid the monthly utility bills since Plaintiff moved out. * * * Plaintiff, as the record titled owner, is entitled to present possession of the property. He has served Defendant with the proper statutory notices, and shall be granted a writ of restitution of the premises due to a termination by Plaintiff of the oral tenancy agreement."
 {¶ 23} After a review of the record, we find competent, credible evidence to support the decision of the trial court. Based on the evidence presented, appellee is the titled owner of the property, served appellant with the proper statutory notices, and is entitled to present possession of the property.
 {¶ 24} Appellant's second assignment of error is overruled.
 {¶ 25} Judgment affirmed.
 BRESSLER, P.J., and POWELL, J., concur. *Page 1