[Cite as *State ex rel. Cuckler v. Indus. Comm.*, 2015-Ohio-5081.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Mary L. Cuckler, | : | |
| Relator, | : | |
| v. | : | No. 15AP-53 |
| Industrial Commission of Ohio and Aadvantage Tent Fittings, Inc., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on December 8, 2015

*Knisley Law Office, Kurt A. Knisley* and *Daniel S. Knisley,* for relator.

*Michael DeWine*, Attorney General, and *LaTawnda N. Moore,* for respondent Industrial Commission of Ohio.

*Scherner, Sybert & Rhoad, LLC, Brant K. Rhoad* and *Matthew S. Goff,* for respondent Aadvantage Tent Fittings, Inc.

IN MANDAMUS

BROWN, P.J.

{¶ 1} Relator, Mary L. Cuckler, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its orders finding that it did not have jurisdiction to adjudicate the merits of relator's "First Report of an Injury, Occupational Disease or Death" form, and further finding it did not have jurisdiction to adjudicate her application to have additional conditions allowed in claim No. 13-811302, and ordering the commission to

exercise its continuing jurisdiction to process and adjudicate her request to be allowed to participate in the workers' compensation system for injuries alleged to have occurred on March 5, 2013.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus because relator has an alternative remedy in the ordinary course of the law. No objections have been filed to that decision.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's recommendation, we hereby deny relator's request for a writ of mandamus.

*Writ of mandamus denied.*

TYACK and DORRIAN, JJ., concur.

_____

[Cite as *State ex rel. Cuckler v. Indus. Comm.*, 2015-Ohio-5081.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State ex rel. Mary L. Cuckler,                          :

       Relator,                                    :

v.                                                        :            No.  15AP-53

Industrial Commission of Ohio                     :            (REGULAR CALENDAR)
and Aadvantage Tent Fittings, Inc.,

       Respondents.                             :

                               :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on August 20, 2015

---

*Knisley Law Office, Kurt A. Knisley,* and *Daniel Knisley,* for relator.

*Michael DeWine*, Attorney General, and *LaTawnda N. Moore,* for respondent Industrial Commission of Ohio.

*Scherner, Sybert & Rhoad, LLC, Brant K. Rhoad* and *Matthew S. Goff,* for respondent Aadvantage Tent Fittings, Inc.

---

### IN MANDAMUS

{¶ 4} Relator, Mary L. Cuckler, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its orders finding that it did not have jurisdiction to adjudicate the merits of her First Report of an Injury, Occupational Disease or Death ("FROI-1") form filed August 4, 2014, and further finding that it did not have jurisdiction to adjudicate her application to have additional conditions allowed in claim No. 13-811302,

which had been disallowed, and ordering the commission to exercise its continuing jurisdiction to process and adjudicate her request that she be allowed to participate in the workers' compensation system for injuries she alleges occurred on March 5, 2013.

Findings of Fact:

{¶ 5} 1. Relator alleges that she sustained a work-related injury on March 5, 2013. Relator described the onset of injury as follows:

> I was lifting heavy poles (75 LBS each). I felt something pull in my back. I kept working. I was lifting other heavy items that day too. The next day I had to saw some boards in half. By the end of the day my back was hurting really bad and my fingers were numb. All weekend I couldn't move. Monday morning I was nauseous and I vomited a few times.

{¶ 6} 2. On March 19, 2013, relator filed an application for workers' compensation benefits.

{¶ 7} 3. When relator's employer, Aadvantage Tent Fittings, Inc., was notified of the claim, the employer refused to certify the claim.

{¶ 8} 4. In an order mailed March 26, 2013, the administrator of the Ohio Bureau of Workers' Compensation ("BWC") allowed claim No. 13-811302 for sprain lumbar region. The BWC order was based on the office notes of Kirk M. Tucker, M.D., dated March 11 and 14, 2013 and the office note of W. Bradley Strauch, M.D., dated March 19, 2013.

{¶ 9} 5. In his March 11, 2013 office note, Dr. Tucker noted that relator informed him that she had hurt her back while picking up a board weighing 75 pounds and that he explained to her he did not deal with workers' compensation claims. He also noted that relator presented that day to follow-up on what appeared to be worsening fibromyalgia. Specifically, Dr. Tucker noted:

> Mary is here today to followup on what appears to be worsening fibromyalgia. Her job description changed recently where her job requires much more physical labor. She's noticing diffuse pain but it is worse in her low back left shoulder and elbow. She also has tingling in her fingers and toes. I reviewed previous blood work. She has been intolerant of multiple medications for fibromyalgia and I reviewed those today. I do not see that we have tried gabapentin. She currently takes Flexeril 5-10 mg at bedtime with Vicodin as needed for breakthrough discomfort in her back. She is tearful today but not suicidal.

* * *

> Diffuse pain and frustration worse in the low back left shoulder and elbow.

{¶ 10} In his March 14, 2013 office note, Dr. Tucker noted that relator was following up on a back strain, hypothyroidism, fibromyalgia, and she indicated that she was feeling a little bit better. Relator informed Dr. Tucker that she was anxious about being able to return to work so that she would not loose her job. Dr. Tucker released relator to return to work with a 30-pound weight limit for lifting.

{¶ 11} In his March 19, 2013 report, Dr. Strauch noted that relator presented with low back pain and had no history of back problems. After proving his physical findings upon examination, Dr. Strauch indicated that he reviewed x-rays of her lumbar spine, which showed some "mild L5-S1 disc space narrowing otherwise unremarkable."

{¶ 12} 6. The employer appealed and the matter was heard before a district hearing officer ("DHO") on July 2, 2013. The DHO vacated the prior order of the administrator and disallowed relator's claim finding that she did not meet her burden of demonstrating a work-related injury on March 5, 2013 as alleged. The DHO explained:

> The District Hearing Officer finds that the Injured Worker alleges an onset of left lower back pain on 03/05/2013 when she bent over and picked up a bundle of tent stakes weighing approximately 75 pounds. The District Hearing Officer finds that medical documentation on file demonstrates that the Injured Worker has suffered from fibromyalgia for several years, at times affecting all "four quadrants of her body," per Dr. Tucker's treatment records on file. N his 05/09/2013 report, Dr. Vogelstein[1] referenced his examination findings regarding the Injured Worker, reviewed the extensive documentation on file regarding the Injured Worker's pre-existing fibromyalgia, and persuasively indicated that the requested diagnosis of lumbar sprain is not supported as a result of the described lifting injury on 03/05/2013. Accordingly, the District Hearing Officer finds that the claim is DISALLOWED.
>
> All evidence was reviewed and evaluated.

---

[1] A copy of Dr. Vogelstein's report is not in the record.

{¶ 13} 7. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on August 22, 2013. The SHO affirmed the prior DHO order, stating:

> It is the finding of the Staff Hearing Officer that the applicant has not sustained her burd[e]n of proving an injury in the course and scope of employment on 03/05/2013 and the claim is denied.
>
> This decision is based on the 05/09/2013 report from Dr. Vogelstein. Dr. Tucker's 03/11/2013 treatment noting diffuse pain but worse in not only the low back but also the left shoulder and elbow, as well as his "physical examination" finding 6 days after the alleged injury of diffuse tenderness to even mild touch with pressure consistent with a flare of fibromyalgia symptoms, is found to support Dr. Vogelstein.

{¶ 14} 8. Relator's further appeal was refused by order of the commission mailed September 19, 2013.

{¶ 15} 9. On October 21, 2013, relator filed a notice of appeal under R.C. 4125.512 in the Ross County Court of Common Pleas ("common pleas court").

{¶ 16} 10. In a pretrial statement, relator indicated that she sought the right to participate in the workers' compensation system not only for the lumbar sprain, but also for a disc bulge and/or annular tears at L4-5 and/or L5-S1.

{¶ 17} 11. Because she had not sought to have those conditions allowed administratively, the BWC filed a motion in limine to exclude the introduction of any evidence causally relating those conditions to relator's workers' compensation claim.

{¶ 18} 12. The common pleas court granted the BWC's motion indicating that no testimony, evidence or comment concerning the causal relationship to those additional conditions would be permitted at the hearing.

{¶ 19} 13. Based on the results of an MRI performed October 8, 2013, relator completed a FROI-1 signed June 30, 2014 seeking to have her claim allowed for disc bulge annular tears.

{¶ 20} 14. On August 4, 2014, relator's attorney signed a C-86 form in claim No. 13-811302 asking that relator's claim be additionally allowed for "disc bulge and facet arthropathy at L5-S1 annular tears at L4-5 and L5-S1."

{¶ 21} 15. A DHO considered relator's FROI-1 and C-86 motions at a hearing on October 22, 2014. Finding that relator had already filed a claim, which had been disallowed, the DHO dismissed her FROI-1, stating:

It is the order of the District Hearing Officer that the FROI-1 First Report of an Injury, Occupational Disease or Death, filed 08/04/2014, is dismissed.

Claimant's refiling of the FROI-1 is dismissed.

This claim was already DISALLOWED in its entirety by Staff Hearing Officer order of 08/22/2013. Therefore, the matter is res judicata.

Claimant's legal arguments are addressed in a separate order issued this same date which addresses the attempt to add additional conditions to this disallowed claim. That legal analysis is adopted in this order as well, and incorporated as if fully rewritten herein.

{¶ 22} In a separate order, the DHO dismissed her C-86 motion asking that the 2013 claim be allowed for additional conditions finding that the commission did not have jurisdiction over the matter. The DHO explained relator's arguments and further explained the reason why those arguments were rejected, stating:

Claimant's request for additional conditions is DISMISSED as the Industrial Commission (IC) has no jurisdiction over this matter.

This claim was disallowed in its entirety by Staff Hearing Officer order of 08/22/2013. I was appealed into court by Claimant. That court appeal is still pending at this time. The Industrial Commission has no jurisdiction to add conditions to a claim that is currently disallowed in its entirety. If Claimant is successful in getting the claim allowed on appeal THEN she can ask to add conditions to the claim.

Claimant argues that jurisdiction exists because the Court of Common Pleas entered an order on 07/22/2014 entering a motion in limine to exclude all evidence of the disc bulges or tears at trial. District Hearing Officer disagrees. Nowhere in the Common Pleas Court's order does it remand the question of these conditions to the Industrial Commission. Claimant responds that the Industrial Commission's jurisdiction is implied under Ward v. Kroger Co., 106 Ohio St.3d 35 (2005). Again, District Hearing Officer disagrees. Unlike this case, Ward involved a claim that had been allowed for a condition. This claim has been disallowed IN ITS ENTIRETY. Therefore, the holding in Ward has absolutely nothing to do with today's hearing.

Ward involved an Injured Worker who had a claim allowed for a soft tissue injury who during a court appeal tried for the very first time to get new, more serious conditions added to the claim in court that had never been considered during the administrative process. The Court forbade this, saying that requests for specific conditions must first be addressed during the administrative process before they can be brought up on appeal into court. From this straight-forward holding in Ward, Claimant extrapolates two propositions of law (one procedural and one substantive) that DHO finds are not supported by the Court's decision.

First, as a procedural matter, Claimant argues that Ward gives the IC authority to intervene WHILE THE MATTER IS STILL ON APPEAL to not only "add" conditions to a disallowed claim, but also change it from a disallowed claim to one that is allowed. [Claimant's new application for a claim is addressed by separate order entered this same date.] DHO disagrees. Whether or not Claimant should be permitted to participate in the workers' compensation system at all is the precise issue currently pending before the Common Pleas Court. The Injured Worker in Ward did not pursue the same question in front of the courts and the IC at the same time, nor did the Supreme Court's decision tell him he should have or even could have. Nothing in Ward gives the IC the power to usurp the courts' authority to rehear the exact same issue while it is still on appeal. Contrary to counsel's argument at hearing, there is no Due Process right to p[u]rsue the same question in two different forums at once. This claim is disallowed in its entirety and unless or until a court says Claimant has an allowed claim, the IC has no power to do anything. The unusual procedure urged by Claimant did not occur in Ward nor does the decision mention or contemplate concurrent jurisdiction for Claimant to try to get a claim allowed in both the Court of Common Pleas and he IC AT THE SAME TIME. The IC simply lacks jurisdiction to do anything in a disallowed claim while it is still on appeal to court.

Second, Claimant argues that Ward creates a substantive rule of law that in EVERY claim that has been disallowed in is entirety, the Industrial Commission always has jurisdiction to address requests for additional conditions unless those conditions were specifically denied in the prior order. This is simply not the law in the State of Ohio, nor is it even remotely implied by Ward. Again, Ward involved a claim that had been allowed for something, not disallowed entirely as this one has been. Contrary to counsel's argument

at hearing when the IC disallows a claim in its entirety, it NEVER goes on to delineate the specific conditions that it also disallows. Despite counsel's insistence that claims which are disallowed in their entirety ALWAYS list what conditions they are disallowing because <u>Ward</u> requires them to, counsel was unable to produce or cite to one single example of this. No doubt ample time will exist before the Staff Hearing Officer hearing on the appeal of today's order for counsel to acquire examples of IC orders which disallow claims in their entirety and yet go on to list the specific conditions they are disallowing. Regardless, however, even if there were orders which said a claim is disallowed in its entirety and also disallowed for cervical sprain, this would NOT give that Claimant liberty to file a new claim for the exact same injury but this time allege a diagnosis of C6-7 disc bulge instead. Claimant's insistence that she has the ability to do precisely that is not only completely unsupported by the <u>Ward</u> decision, but also if permitted would throw the entire Ohio workers' compensation into disarray. Under Claimant's interpretation of <u>Ward</u> any previously disallowed claim could be relitigated ad infinitum as long as a new diagnosis was alleged each time. Such endless adjudication without possibility of finality was never contemplated by the Supreme Court when it issued the <u>Ward</u> decision, nor by the framers of the Ohio Constitution when it created workers' compensation.

There is no deprivation of Due Process here. If and when Claimant gets an allowed claim she can attempt to add anything she wants to it. Until that time, however, the Industrial Commission lacks jurisdiction to do anything.

District Hearing Officer considered everything that was written in the file and said at hearing.

(Emphasis sic.)

{¶ 23} 16. Relator appealed and the matters were heard before an SHO on December 11, 2014. The SHO affirmed both DHO orders, first, finding that the commission's determination to disallow claim No. 13-811302 constituted res judicata and deprived the commission of jurisdiction to adjudicate the merits of relator's application and, in dismissing her C-86 motion, the SHO adopted the DHO's reasoning.

{¶ 24} 17. In orders mailed January 7, 2015, the commission refused relator's appeals.

{¶ 25} 18. On January 21, 2015, relator refiled her complaint in the common pleas court.

{¶ 26} 19. On January 26, 2015, relator filed this mandamus action asserting that the commission abused its discretion by not exercising jurisdiction over her FROI-1 and/or her C-86 motion.

{¶ 27} 20. On January 27, 2015, relator filed a notice of appeal under R.C. 4123.512 in the common pleas court asking that she be allowed to participate in the workers' compensation system for the conditions of disc bulge and facet arthropathy at L5-S1, and annular tears at L4-5 and L5-S1.

{¶ 28} 21. The matter is currently before the magistrate.

Conclusions of Law:

{¶ 29} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 30} Finding that relator has an alternative remedy in the ordinary course of law, the magistrate would deny her request for a writ of mandamus.

{¶ 31} In the present case, relator maintains that she sustained a work-related injury on March 5, 2013. However, the commission has denied her the right to participate in the workers' compensation system. No claim has been allowed. Instead, relator has two complaints pending in the common pleas court. The first case involves the commission's original denial of her request to participate in the workers' compensation system for lumbar sprain. The second involves the commission's denial of her right to participate in the workers' compensation system for disc bulge and facet arthropathy at L5-S1, and annular tears at L4-5 and L5-S1. In the case presently before this court, relator seeks a writ of mandamus asking this court to order the commission to either (a) adjudicate her FROI-1 filed August 4, 2014, and/or (2) adjudicate her C-86 motion asking that the originally disallowed claim be additionally allowed for certain more serious back conditions.

{¶ 32} Recently, the Supreme Court of Ohio decided *State ex rel. Alhamarshah v. Indus. Comm.,* 142 Ohio St.3d 524, 2015-Ohio-1357. In that case, Mustafa Alhamarshah

alleged that he sustained a work-related injury while working as a laborer for Mohamed Salem, d.b.a. Ballmohd, L.L.C. ("Salem"). The BWC allowed the claim against Salem as the employer and ordered the payment of medical benefits and temporary total disability ("TTD") compensation. The order informed the parties that the decision would become final unless a written appeal was received within 14 days and further advised the parties to contact "Jolene M" at the BWC's Columbus Service Office with any questions. *Id.* at ¶ 4.

{¶ 33} With the help of a friend, Salem telephoned Jolene about filing an appeal. Salem asserted that there was no employer-employee relationship. The documents faxed to the BWC failed to include the claim number or the date of the order being appealed. Upon receipt, the words "construe as appeal" were hand-written on the cover page and forwarded to the appeals section of the commission. *Id.* at ¶ 5.

{¶ 34} The commission concluded that Salem's appeal substantially complied with the requirements of R.C. 4123.511(F) and further found that there was no evidence that Alhamarshah had been prejudiced by any omission in the notice of appeal. The commission then disallowed the claim on the merits, finding that Alhamarshah was not an employee of Salem and the commission affirmed that order. Alhamarshah appealed to the Franklin County Court of Common Pleas pursuant to R.C. 4123.512 and filed a complaint for a writ of mandamus in the Franklin County Court of Appeals, alleging that the commission's order determining that Salem's administrative appeal was valid was an abuse of discretion and contrary to law.

{¶ 35} Ultimately, the Supreme Court of Ohio determined that Alhamarshah was not entitled to relief in mandamus because he had an adequate remedy in the ordinary course of law by way of appeal under R.C. 4123.512, stating:

> Once the commission has issued a final order determining the claimant's entitlement to participate in the workers' compensation fund, any party may appeal the order, except for decisions as to the extent of disability, to the court of common pleas pursuant to R.C. 4123.512. R.C. 4123.511(E) and 4123.512(A); *State ex rel. Liposchak v. Indus. Comm.,* 90 Ohio St.3d 276, 278–279, 737 N.E.2d 519 (2000). This court has held that decisions determining an employee's right to participate in the workers' compensation system because of a specific injury or occupational disease are appealable to the court of common pleas. *Felty v. AT & T Technologies, Inc.,* 65 Ohio St.3d 234, 602 N.E.2d 1141 (1992), paragraph one of the syllabus; *Afrates v. Lorain,* 63 Ohio St.3d 22, 26, 584 N.E.2d 1175 (1992).

> The lack of an adequate remedy in the ordinary course of the law is a necessary prerequisite for relief in mandamus. *State ex rel. Consolidation Coal Co. v. Indus. Comm.,* 18 Ohio St.3d 281, 284, 480 N.E.2d 807 (1985), citing *State ex rel. Sibarco Corp. v. Berea,* 7 Ohio St.2d 85, 88, 218 N.E.2d 428 (1966). When the relator has a plain and adequate remedy at law by way of appeal, courts lack authority to exercise jurisdictional discretion and must deny the writ, regardless of whether the relator used the remedy. *Id.*; *State ex rel. Davet v. Sutula,* 8th Dist. Cuyahoga No. 96548, 2011-Ohio-2803, 2011 WL 2409641, ¶ 10. This is a threshold question that we must consider even when the court of appeals has not addressed the issue. *State ex rel. Woodbury v. Spitler,* 40 Ohio St.2d 1, 3, 318 N.E.2d 165 (1974).
>
> In this case, the commission decided that the documentation submitted on behalf of the purported employer substantially complied with the statutory requirements for a notice of an appeal of the bureau's initial order. This decision conferred jurisdiction on the commission to proceed to consider the merits of the purported employer's appeal. The commission's exercise of jurisdiction resulted in a decision denying the claimant's right to participate in the workers' compensation system. Consequently, the decision allowing the appeal to proceed was essential to the ultimate determination that denied the claimant's participation in the workers' compensation system. As such, the commission's decision to accept the appeal as valid was appealable pursuant to R.C. 4123.512. *See Consolidation Coal Co.* at 284–285, 480 N.E.2d 807.

*Id.* at ¶ 10-12.

{¶ 36} Recently, in *State ex rel. Johnson v. OSU Cancer Research Hosp.,* 10th Dist. No. 14AP-430, 2015-Ohio-3249, this court addressed the applicability of the recent Supreme Court of Ohio decision in *Alhamarshah.*

{¶ 37} Eleanorene Johnson suffered an industrial injury in 2010 and her claim was allowed for the following physical condition: sprain lumbosacral. On August 23, 2013, Johnson filed a C-86 motion requesting that her claim be additionally allowed for the following psychological condition: major depression, single episode, non-psychotic, severe. A DHO disallowed Johnson's request. The matter came before the SHO on October 18, 2013. The SHO granted Johnson's request and additionally allowed her claim

to include the requested psychological condition. OSU attempted to appeal the SHO's order, but the commission refused the appeal.

{¶ 38} OSU then filed a request for reconsideration with the commission. On January 9, 2014, the commission issued an order vacating the SHO's order and setting the matter for a hearing. The commission concluded that the SHO's order contained a clear mistake of law, as it failed to find that the requested psychological condition was causally related to the allowed physical condition. The commission accordingly granted OSU's request for reconsideration, and denied Johnson's request for the additional allowance.

{¶ 39} Johnson filed a mandamus action in this court asserting that the commission abused its discretion when it granted OSU's request for reconsideration and asked that the commission be ordered to reinstate the SHO's order which allowed her claim for the psychological condition.

{¶ 40} OSU argued that this court did not have jurisdiction to hear the matter asserting that it was a right to participate issue and Johnson had an adequate remedy at law.  As OSU asserted, if this court found the commission abused its discretion when it determined the SHO's order contained a clear mistake of law, Johnson's claim would be additionally allowed for a psychological condition and OSU would have to challenge that allowance in common pleas court.

{¶ 41} This court's magistrate found this court did have jurisdiction finding that the commission's determination that it had continuing jurisdiction was reviewable here in mandamus and could not be challenged elsewhere.  Thereafter, the magistrate found that the commission did not abuse its discretion when it exercised its continuing jurisdiction.

{¶ 42} OSU filed an objection to the magistrate's decision and argued that, pursuant to the Supreme Court of Ohio's recent decision in *Alhamarshah,* this court should find that mandamus relief was inappropriate because Johnson had an adequate remedy at law.  Finding that the commission's decision to exercise its continuing jurisdiction resulted in a decision which denied Johnson the right to participate in the workers' compensation system, this court found that the commission's decision was "essential to the ultimate determination that denied [Johnson's] participation in the workers' compensation system," and mandamus relief was inappropriate as Johnson had an adequate remedy in the ordinary course of law by way of an appeal under R.C. 4123.512.  *Id.* at ¶ 12.

{¶ 43} In the present case, just as in *Alhamarshah,* the commission has denied relator's request to participate (for a specific condition) in the workers' compensation system. As in *Alhamarshah,* relator has appeals pending in the common pleas court pursuant to R.C. 4123.512. As in *Alhamarshah,* relator has also filed a mandamus action in this court asserting that the commission's orders, which ultimately denied her the right to participate, constitute an abuse of discretion and asks this court to order the commission to consider her request to participate in the workers' compensation system on its merits. As in *Alhamarshah,* the commission orders here were essential to the ultimate determination that denied relator's participation in the workers' compensation system and are appealable pursuant to R.C. 4123.512.

{¶ 44} Based on the foregoing, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus because she has an alternative remedy in the ordinary course of the law.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).