[Cite as *Cuckler v. Admr. Bur. of Workers' Comp.*, 2017-Ohio-1469.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| MARY L. CUCKLER, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | Case No. 16CA3551 |
| v. | : | |
| | : | DECISION AND |
| ADMINISTRATOR BUREAU OF WORKERS' | : | JUDGMENT ENTRY |
| COMPENSATION, et al., | : | |
| | : | |
| Defendants-Appellees. | : | RELEASED 04/19/2017 |

APPEARANCES:

Kurt A. Knisley and Daniel S. Knisley, Knisley Law Offices, Columbus, Ohio, for appellant Mary L. Cuckler.

Michael DeWine, Ohio Attorney General, and Latawnda N. Moore, Assistant Ohio Attorney General, Columbus, Ohio, for appellee Administrator, Ohio Bureau of Workers' Compensation.

Brant K. Rhoad and Matthew S. Goff, Scherner, Sybert & Rhoad, LLC, Powell, Ohio, for appellee Aadvantage Tent Fittings, Inc.

Hoover, J.

{¶ 1} Plaintiff-appellant Mary L. Cuckler ("Cuckler") filed a claim for workers' compensation benefits. The claim was denied administratively, and Cuckler appealed to the Ross County Common Pleas Court pursuant to R.C. 4123.512. The Ross County Common Pleas Court subsequently granted summary judgment in favor of the defendants-appellees, Advantage Tent Fittings, Inc. ("ATF"), and the Administrator of the Ohio Bureau of Workers' Compensation ("Administrator"). On appeal to this Court, Cuckler contends that material facts in dispute exist concerning whether she sustained a lumbar sprain injury in the course and scope of her

employment with ATF, thus rendering the trial court's award of summary judgment improper. We conclude from the record before us that there are material facts in dispute. Accordingly, we reverse the judgment of the trial court granting summary judgment in favor of ATF and the Administrator and remand this cause to the trial court for proceedings consistent with this opinion.

## I. Facts and Procedural Posture[1]

{¶ 2} Cuckler filed a workers' compensation claim alleging that she sustained a lumbar sprain while lifting tent poles at ATF on March 5, 2013. The claim was initially allowed by the Bureau of Workers' Compensation, but was subsequently denied administratively by the District and Staff Hearing Officers at the Industrial Commission. The District Hearing Officer's order denying the claim provided as follows:

> The District Hearing Officer finds that the Injured Worker alleges an onset of left lower back pain on 03/05/2013 when she bent over and picked up a bundle of tent stakes weighing approximately 75 pounds. The District Hearing Officer finds that medical documentation on file demonstrates that the Injured Worker has suffered from fibromyalgia for several years, at times affecting all "four quadrants of her body," per Dr. Tucker's treatment records on file. In his 05/09/2013 report, Dr. Vogelstein referenced his examination findings regarding the Injured Worker, reviewed the extensive documentation on file regarding the Injured Worker's pre-existing fibromyalgia, and persuasively indicated that the requested diagnosis of

---

[1] Cuckler initially appealed to the trial court on October 21, 2013, and the case was assigned number 13CI570. Cuckler later dismissed the original complaint on August 25, 2014. Cuckler then re-filed a complaint on January 21, 2015; and the case was assigned number 15CI24. Only the record from case number 15CI24 was transferred to this Court as part of this appeal. Accordingly, this Court could not independently verify some of the procedural facts discussed in this decision and judgment entry. However, because the parties generally agree on the facts and procedural posture, we do not believe the incomplete record affects our decision in this appeal.

lumbar sprain is not supported as a result of the described lifting injury on

03/05/2013.

Similarly, the administrative order issued by the Staff Hearing Officer states that Cuckler "has

not sustained her burdn (sic) of proving an injury in the course and scope of her employment on

03/05/2013 and the claim is denied." The Staff Hearing Officer further held:

> This decision is based on the 05/09/2013 report from Dr. Vogelstein. Dr. Tucker's
>
> 03/11/2013 treatment record noting diffuse pain but worse in not only the low
>
> back but also the left shoulder and elbow, as well as his "physical examination"
>
> finding 6 days after the alleged injury of diffuse tenderness to even mild touch
>
> with pressure consistent with a flare of fibromyalgia symptoms, is found to
>
> support Dr. Vogelstein.

{¶ 3} After the Industrial Commission refused a final administrative appeal, Cuckler filed

a notice of appeal with the Ross County Common Pleas Court pursuant to R.C. 4123.512.

Cuckler's notice of appeal was accompanied by a complaint. Shortly after filing the notice of

appeal and complaint, Cuckler underwent an MRI examination that revealed a disc bulge and

facet arthopathy at L5-S1, and annular tears at L4-5 and L5-S1 (collectively "the additional

conditions"). In her pretrial brief, Cuckler alleged the right to participate in the workers'

compensation fund for both the lumbar sprain and the additional conditions. The Administrator

then filed a motion in limine, seeking an order prohibiting Cuckler from arguing the additional

conditions not previously addressed administratively. The trial court granted the motion in

limine, issuing an order prohibiting Cuckler from introducing any evidence or argument

regarding the additional conditions and their relationship to the accident of record.

{¶ 4} Cuckler then voluntarily dismissed her complaint in the trial court[2], and filed a First Report of Injury ("FROI") with the Bureau of Workers' Compensation. In the FROI, Cuckler alleged that she suffered the additional conditions as a consequence of the March 5, 2013 accident of record. In addition to the FROI, Cuckler also filed a C-86 motion requesting that her original claim be amended to further include the additional conditions.

{¶ 5} The Industrial Commission's District Hearing Officer found in concurrent orders that it did not have jurisdiction to hear the FROI or the C-86 motion. On appeal, the Staff Hearing Officer also found that it did not have jurisdiction. Subsequently, Cuckler revived the initial injury case in the Ross County Common Pleas Court by re-filing a complaint. Cuckler's re-filed complaint seeks the right to participate in the workers' compensation fund for the initial complaint of lumbar sprain, but not for the additional injuries alleged in the FROI and the C-86.

{¶ 6} In addition to re-filing her complaint in the instant case, Cuckler also filed a concurrent request for writ of mandamus with the Tenth District Court of Appeals. In her mandamus case, Cuckler alleged that the Industrial Commission abused its discretion in refusing to adjudicate the claims for the additional conditions; and she sought a writ of mandamus from the appellate court to compel the Industrial Commission to adjudicate the FROI and the C-86 motion. In her brief in support of the mandamus action, Cuckler wrote the following:

> * * * [Cuckler] has been effectively obstructed from pursuing her actual injury in both the Court of Common Pleas and the Industrial Commission. The effect of the decision rendered by the Court of Common Pleas and the Industrial Commission is then to compel [Cuckler] to argue and prove a legal fiction in the Court of

---

[2] While Cuckler dismissed the complaint, the parties agree that the notice of appeal required by R.C. 4123.512 remained pending before the Ross County Common Pleas Court.

Common Pleas (that she suffered a lumbar sprain/strain as a consequence of the

accident of record), before pursuing her actual injury administratively.

Ultimately, the Tenth District Court of Appeals found that Cuckler had an adequate remedy at

law and denied her requested writ of mandamus. *See State ex rel. Cuckler v. Indus. Comm.*, 10th

Dist. Franklin No. 15AP-53, 2015-Ohio-5081.

{¶ 7} In June 2015, the Administrator and ATF each filed a motion for summary

judgment[3], arguing that reasonable minds could not conclude that Cuckler suffered a lumbar

sprain as a result of the incident on March 5, 2013, that no genuine issues of fact remained, and

that they were entitled to judgment as a matter of law. The trial court, in a written decision and

judgment entry, granted the motions for summary judgment. In its written decision, the trial

court noted as follows:

Cuckler's statement in her mandamus case is a judicial admission and Cuckler

cannot now be heard before this court to contest the issue of whether or not she

sustained a lumbar sprain. * * * Such admission mandates summary judgment in

this case.

Summary judgment is also granted because Cuckler lacks any medical evidence

to support her claim of a lumbar sprain. * * * Dr. Tucker's deposition testimony

indicates that he did not physically examine Cuckler's back. * * * Thus, Dr.

Tucker cannot serve as medical support for Cuckler's claim of a lumbar strain. * *

* Thus, there is no medical evidence before this Court that Cuckler sustained a

---

[3] The Administrator filed a motion for summary judgment with supporting memorandum on June 10, 2015. Five days later the Administrator filed an amended motion for summary judgment with supporting memorandum. The amended motion for summary judgment was supported by an affidavit of counsel, which certified and incorporated several exhibits including records from the Industrial Commission, deposition transcripts from Cuckler's treating physician, Dr. Kirk Tucker, and a copy of Cuckler's mandamus brief filed with the Tenth District Court of Appeals. ATF's motion for summary judgment joined-in, and fully incorporated the arguments set forth in the Administrator's motion for summary judgment.

lumbar sprain in the course of and arising out of her employment. This, too, is a

basis for granting Defendants['] motions for summary judgment.

{¶ 8} Thereafter, Cuckler filed a timely notice of appeal.

## II. Assignments of Error

{¶ 9} Cuckler asserts the following assignments of error[4] for review:

Assignment of Error No. 1:

> Ross County Court of Common Pleas' decision of May 16, 2016 to allow
> Summary Judgment contrary to both law and fact. Because all relevant facts
> indicate statements made in an appellate brief from an alternative cause of action
> are not admissible in the instant case as a judicial admission.

Assignment of Error No. 2:

> Court of Common Pleas erred in awarding Summary Judgment because
> appellant's expert witness represented testimony that is admissible, relevant, and
> sufficient to constitute a genuine issue of material fact.

## III. Law and Analysis

{¶ 10} In both of her assignments of error, Cuckler contends that the trial court erred by

awarding summary judgment in favor of ATF and the Administrator.

## A. Summary Judgment Standard of Review

{¶ 11} We review the trial court's decision on a motion for summary judgment de novo.

*Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Accordingly, we

afford no deference to the trial court's decision and independently review the record and the

inferences that can be drawn from it to determine whether summary judgment is appropriate.

*Harter v. Chillicothe Long-Term Care, Inc.*, 4th Dist. Ross No. 11CA3277, 2012-Ohio-2464, ¶

12; *Grimes v. Grimes*, 4th Dist. Washington No. 08CA35, 2009-Ohio-3126, ¶ 16.

---

[4] Cuckler failed to present assignments of error as required by App.R. 16(A)(3). However, she presented and argued a "Statement of the Issues." In the interests of justice, we consider Cuckler's "Statement of the Issues" as her assignments of error.

{¶ 12} Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *DIRECTV, Inc. v. Levin*, 128 Ohio St.3d 68, 2010-Ohio-6279, 941 N.E.2d 1187, ¶ 15. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the nonmoving party's favor.  Civ.R. 56(C). The party moving for summary judgment bears the initial burden to demonstrate that no genuine issues of material fact exist and that they are entitled to judgment in their favor as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). To meet its burden, the moving party must specifically refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); *Dresher* at 293. Moreover, the trial court may consider evidence not expressly mentioned in Civ.R. 56(C) if such evidence is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *Discover Bank v. Combs*, 4th Dist. Pickaway No. 11CA25, 2012-Ohio-3150, ¶ 17; *Wagner v. Young*, 4th Dist. Athens No. CA1435, 1990 WL 119247, *4 (Aug. 8, 1990). Once that burden is met, the nonmoving party then has a reciprocal burden to set forth specific facts to show that there is a genuine issue for trial. *Dresher* at 293; Civ.R. 56(E).

### B. Judicial Admissions

{¶ 13} In the case sub judice, both the Administrator and ATF supported their motions for summary judgment by referring to a copy of the mandamus brief filed by Cuckler in the Tenth District Court of Appeals. Specifically, the Administrator and ATF pointed to remarks

made in the mandamus brief where Cuckler referred to her lumbar sprain claim as a "legal fiction" and not her "actual injury". The trial court, in its decision and judgment entry, concluded that the remarks made in the mandamus brief constituted a "judicial admission" which precluded Cuckler from contesting the issue of whether or not she sustained a lumbar sprain in the course of employment.

{¶ 14} In her first assignment of error, Cuckler argues that the trial court erred by considering the remarks made in her mandamus brief a judicial admission. Cuckler contends, inter alia, that because the remarks were not made during the course of the instant case, but rather during the course of the mandamus proceedings before the Tenth District Court of Appeals, it was not proper for the trial court to consider the remarks as judicial admissions. We agree.

{¶ 15} As an initial matter, we note that ATF's argument that Cuckler did not object to the submission of the mandamus brief, and thus waived any error concerning the consideration of the brief, is misplaced. The record reveals that Cuckler sternly objected to the use of the mandamus brief in her memorandum contra to the motions for summary judgment. Cuckler's prior objection is sufficient to preserve her argument for appeal.

{¶ 16} Generally speaking, a statement of fact by a party or a party's counsel during a judicial proceeding is an admission that the fact exists as stated, and is thus admissible against him and in favor of his adversary. *Teagle v. Lint*, 9th Dist. Summit No. 18425, 1998 WL 178461, *3 (Apr. 15, 1998). "To operate as a judicial admission, an allegation in a pleading must be an allegation of a material and competent fact and not a mere statement of a legal conclusion." *Faxon Hills Constr. Co. v. United Bhd. of Carpenters and Joiners of Am.*, 168 Ohio St. 8, 151 N.E.2d 12 (1958), paragraph one of the syllabus. "[S]tatements do not rise to the level of a

judicial admission where there is no indication that the statement was intended to dispense with formal proof of material facts." *Teagle* at *4, citing *Holeski v. Lawrence*, 85 Ohio App.3d 824, 833, 621 N.E.2d 802 (11th Dist.1993). "To constitute a judicial admission, the statement must be distinct and unequivocal, and be, by intention, an act of waiver relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose." (Internal quotation omitted.) *Id*.

{¶ 17} Furthermore, "[t]he Ohio Supreme Court has indicated that the allegations in a complaint are treated as binding judicial admissions only in the case arising from that complaint." *Dombelek v. Ohio Bur. of Workers' Comp.*, 154 Ohio App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144, ¶ 22 (7th Dist.), citing *Gerrick v. Gorsuch*, 172 Ohio St. 417, 178 N.E.2d 40 (1961), paragraph two of the syllabus, and *Faxon Hills Constr. Co.* at 10. "A judicial admission presented 'by pleading and setting forth the fact * * * is binding as between parties to the suit, and in the same suit in which such admission is made.' " *Dombelek* at ¶ 22, quoting *Peckham Iron Co. v. Harper*, 41 Ohio St. 100, 106 (1884). In other words, a judicial admission is binding only in the lawsuit in which such admission is made; not in separate and subsequent cases. *In re Regency Village Certificate of Need Application*, 10th Dist. Franklin No. 11AP-41, 2011-Ohio-5059, ¶ 33, and cases cited therein; *Vogel v. Felts*, 12th Dist. Clermont No. CA2008-05-051, 2008-Ohio-6569, ¶ 22 ("Since the statement concerning Defendant's interest in the property was made in a pleading in a separate case, it cannot be construed as a judicial admission in the case at bar.").

{¶ 18} Based on the foregoing principles, we conclude that Cuckler's statement in her mandamus action does not constitute a judicial admission that could substitute for proof of material fact in the present action. First, Cuckler's statement was not an unequivocal statement of

fact, but was merely an assertion to persuade the Tenth District Court of Appeals to rule that the Industrial Commission or the common pleas court should have adjudicated her additional condition claims. The remarks were simply Cuckler's conclusion that additional and more severe injuries, separate from the lumbar sprain, also arose from the accident of record and should have been adjudicated. Thus, the remarks did not rise to the level of a judicial admission. *See In re Teleglobe Communications Corp.*, 493 F.3d 345, 377 (3d Cir.2007) ("[Judicial admissions] must be statements of fact that require evidentiary proof, not statements of legal theories."). Moreover, even if the remarks had qualified as a judicial admission, their binding effect would not extend beyond the mandamus action to the case sub judice. Accordingly, Cuckler's first assignment of error is sustained.

### C. Evidence of Lumbar Sprain

{¶ 19} In her second assignment of error, Cuckler contends that despite the trial court's conclusion to the contrary, the deposition testimony of her expert witness, Dr. Kirk Tucker, M.D., provides sufficient evidence to conclude that she suffered a lumbar sprain on the date of the accident of record, thus creating a genuine issue of material fact that precludes summary judgment in this case.

{¶ 20} Cuckler took the deposition of her treating physician, Dr. Tucker, during the pendency of this case. Dr. Tucker's deposition transcript was attached to the Administrator's motion for summary judgment, and all the parties relied upon the deposition testimony in their respective memorandums and appellate briefs.

{¶ 21} Dr. Tucker opined that Cuckler did suffer a lumbar sprain as a result of the accident of record. Specifically, he testified as follows:

Q       Doctor, do you have an opinion within a reasonable degree of medical certainty or probability as to whether or not her injury on March the 5th of 2013, while working for the employer in this case, caused the low back strain?

Do you have – do you have an opinion as to the diagnosis? What is the diagnosis of that incident?

A       My opinion of the cause of her low back problems is that she injured herself that day at work, and the result was the persistent symptoms she has had.

Q       And the diagnosis at that time, or the diagnosis we're in court on is low back strain; is that your diagnosis when you talk about low back injuries?

A       Yes.

Dr. Tucker clarified that his diagnosis was based in part on his opinion that the MRI study of Cuckler's back revealed a disc herniation.

Q       In this case, do you have to have a strain before you have the problems that you find on the MRI?

A       They would have likely occurred at the same time. Anything that generated enough force to injure a disc in this fashion would have also likely injured muscles and ligaments surrounding that.

Dr. Tucker also testified that his diagnosis was based on Cuckler's continual and persistent symptoms of lower back pain starting from March 2013 and continuing up until the time of his deposition.

{¶ 22} On cross-examination, Dr. Tucker testified that it would not surprise him that the scheduling note related to the first visit after the accident of record indicated that Cuckler was being seen for a follow up for fibromyalgia. He explained that the phone operator responsible for

creating the scheduling note was "not a medical professional" and on occasion carries over the last complaint instead of accurately documenting the reason for the visit. Dr. Tucker testified that his notes from March 11, 2013, Cuckler's first visit following the accident of record, state "musculoskeletal, diffuse tenderness to even mild touch and pressure consistent with a flare of fibromyalgia symptoms." Dr. Tucker testified that Cuckler's pain that day was not localized to her low back and that his records did not contain a reference to localized swelling, redness, or bruising. However, Dr. Tucker did testify that he billed her that day for fibromyalgia, treatment and maintenance of hypothyroidism, and for a low back issue; which meant that his exam included "elements of things related to" all those issues. He also testified that a physical examination of a low back sprain would not likely reveal swelling or bruising.

{¶ 23} On Cuckler's next visit, on March 14, 2013, Dr. Tucker testified that while he wrote, "the back is doing better", his examination that day likely "consisted of how she generally appeared to me that day, sitting like you and I are across the room." On the next visit, on May 3, 2013, Dr. Tucker testified that his notes indicate that Cuckler was being seen for "followup on a history of fibromyalgia, hypothyroidism and a back strain." There was no testimony that Dr. Tucker physically examined her back that day, but his notes did indicate that she was being seen by "sports medicine [and] occupational health for a recent back injury at work." Dr. Tucker testified that he saw Cuckler two more times, once in June 2013, and once in August 2013, but did not examine her back during those visits. Dr. Tucker did explain, however, that he did not examine her back on those visits because she was following up with a specialist, Dr. Strauch[5], for her back issues.

{¶ 24} The Administrator and ATF argue that Dr. Tucker's ultimate opinion regarding the sprain was not based on his own perceptions or examination of Cuckler's back, and is thus

---

[5] Dr. Strauch's testimony was not before the trial court or this Court via properly attached affidavit or deposition.

"meaningless" and inadequate medical evidence to support Cuckler's claim. We disagree. Dr. Tucker testified that a diagnosis of a sprain could be based on both subjective and objective findings. According to Dr. Tucker, a subjective finding would include what the patient reports to the healthcare provider - such as pain in a specific area, or reported swelling or discoloration in a specific area. An objective finding, again according to Dr. Tucker, is something that is measurable or that is documented - such as visible swelling, visible bruising, or visible findings on an MRI examination. Here, Dr. Tucker's diagnosis was based on the subjective reports of lower back pain, as well as the objective findings of the MRI study of Cuckler's lower back. Furthermore, any determination at this juncture that Dr. Tucker's opinion is meritless would require this Court to weigh and pass upon the credibility of the evidence, which is improper in summary judgment proceedings. *See McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 242-243, 659 N.E.2d 317 (4th Dist.1995) ("The purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist. * * * Thus, a court should not pass upon the credibility of witnesses or weigh the relative value of their testimony in rendering summary judgment."). Thus, we believe that Dr. Tucker's expert opinion is sufficient to raise a genuine issue of material fact as to Cuckler's lumbar sprain injury on the date of the accident of record. Cuckler's second assignment of error is sustained.

### IV. Conclusion

{¶ 25} Based on the foregoing, the trial court erred in granting summary judgment in favor of the Administrator and ATF. Cuckler's assignments of error are sustained. The judgment of the trial court is reversed; and the cause is remanded for further action consistent with this opinion.

JUDGMENT REVERSED AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND CAUSE IS REMANDED. Appellees shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Dissents.


                                                        For the Court

                                                        By:_____
                                                             Marie Hoover, Judge



                                **NOTICE TO COUNSEL**

        **Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**